E-FILED
Friday, 18 November, 2016  02:07:12 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES ERIC GILLIAM, | ) |
| Petitioner, | ) |
| v. | ) Case No. 16-4165 |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## ORDER AND OPINION

This matter is now before the Court on Petitioner Gilliam's § 2255 Motion [1] to Vacate, Set Aside, or Correct Sentence. For the reasons set forth below, Petitioner Gilliam's Motion [1] is Dismissed without prejudice.

### BACKGROUND

Petitioner Gilliam pleaded guilty to one count of Conspiracy to Distribute Cocaine Base in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). Gilliam qualified as a Career Offender under the sentencing guidelines, with a corresponding imprisonment range of 188 to 235 months. On April 9, 2014, Gilliam was sentenced by the undersigned judge to 120 months' imprisonment. *United States v. Redwood et al*, No. 12-40020-4 (C.D. Ill. 2014) *aff'd sub nom*, No. 14-1817 (7th Cir. Jan. 29, 2015). After unsuccessfully appealing his sentence, Gilliam filed a motion in his criminal case seeking a reduced sentence in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Court instructed Gilliam that "if, or when, *Johnson* applies to career offenders, the Defendant should file a Motion under Sec. 2255."

On August 15, 2016, Gilliam filed this motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Gilliam's motion relies on the Sentencing Commission's November 2015 "Amendment 794" to the sentencing commentary under U.S.S.G. § 3B1.1—which provides

1

for a reduced offense level for defendants who were minimal or minor participants in the criminal activity—and the Ninth Circuit's decision in *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016). This Order follows.

## LEGAL STANDARD

In order to prevail on a motion under § 2255, a federal prisoner must show that their sentence was imposed in violation of the Constitution or laws of the United States, that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C § 2255; *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). The Court "may not dismiss a § 2255 motion without an evidentiary hearing unless the record conclusively shows that the defendant is entitled to no relief." *Id*. at 820 (quoting *McCleese v. United States*, 75 F.3d 1174, 1182 (7th Cir. 1994)).

## ANALYSIS

Gilliam's motion argues that Amendment 794 and the Ninth Circuit's holding in *Quintero-Leyva* represent a new rule of law made retroactive by the Sentencing Commission, and that under the amended § 3B1.1 commentary he would receive a role reduction. See ECF Doc. 1, at 13. The Ninth Circuit held in *Quintero-Leyva* that the amended commentary to § 3B1.2 was retroactive to cases on direct appeal. 823 F.3d at 523; *Young v. United States*, No. 16-3139 (C.D. Ill. 2016). However, the court limited the holding to cases pending on direct appeal, and specifically declined to address whether the amendment was available to defendants who had exhausted their direct appeal. *Id*. at 521. Here, assuming the Seventh Circuit agrees with the Ninth Circuit that Amendment 794 applies retroactively to cases pending on direct appeal, Gilliam has already exhausted his direct appeal and he has no right to another. Similarly, Gilliam

is not entitled to relief under § 2255, since Amendment 794 does not apply retroactively to cases on collateral review.

Although Gilliam is not entitled to relief under § 2255, 18 U.S.C. § 3582(c)(2) allows a court to modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." *Id*. Thus, motions seeking a sentence reduction based on subsequent changes to the Guidelines should be filed as a § 3582 motion in the criminal case. It is likely that Petitioner Gilliam filed the instant § 2255 motion after the Court advised him that his request for relief under *Johnson* must be filed as a § 2255 motion. However, Gilliam did not raise *Johnson* issues in his § 2255 motion. Because Amendment 794 was the result of the Sentencing Commission's decision to lower sentencing ranges, rather than a new rule of constitutional law made retroactive to cases on collateral review, Gilliam's § 2255 motion must be dismissed. If, or when, Amendment 794 becomes available retroactively to defendants who have exhausted their direct appeal, Gilliam should file a § 3582 motion in his criminal case.

## CONCLUSION

For the reasons stated above, Petitioner Gilliam's Motion [1] is Dismissed without prejudice.

This matter is now terminated.

Signed on this 18th day of November, 2016.

                                             s/ James E. Shadid
                                             James E. Shadid
                                             Chief United States District Judge